**LAW OFFICE OF ROBERT A. TANDY, LLC.**
One Paragon Drive
Suite 159
Montvale, New Jersey 07645
(201) 474-7103
Robert A. Tandy, Esq. (RT 0387)
Attorney for Plaintiffs, Kevin Hill
and Syntyche Hill

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN HILL and SYNTYCHE HILL<br><br>    Plaintiffs,<br>vs.<br><br>CITY OF NEWARK; CITY OF NEWARK POLICE DEPARTMENT; NEWARK POLICE OFFICER JASON WEST; NEWARK POLICE OFFICER NEIL LAURIE; NEWARK POLICE OFFICER BRIAN LOVEJOY; NEWARK POLICE OFFICER ELVIS LUGARDO; NEWARK POLICE OFFICER WHYHIDI WILSON; NEWARK POLICE LIEUTENANT NEIL MINOVICH; JOHN DOES 1-10; and JANE DOES (1-10)<br><br>    Defendants. | Civil Action No.: 08-6237 (DMC)<br><br>CIVIL ACTION<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs, Kevin Hill and Syntyche Hill ("Plaintiffs"), residing at 185 12th Avenue, City of Newark, County of Essex, State of New Jersey, complaining of the Defendants, by their attorneys, Quinn & Tandy, LLC, respectfully alleges and say as follows:

**PARTIES**

1.  Plaintiff, Kevin Hill, an African-American male individual, is a citizen of the United States and a resident of the City of Newark, State of New Jersey.

2.  Plaintiff, Syntyche Hill, an African-American minor female individual, is a citizen of the United States and a resident of the City of Newark, State of New Jersey.

3. Defendant, City of Newark, is and at all times relevant herein was a municipal corporation or similar business entity organized and existing under the laws of the State of New Jersey, which regularly conducts business at the City Hall complex located at 920 Broad Street, Newark, New Jersey 07102.

4. At all times relevant herein, Defendant City of Newark, its governing body, agents, officers, servants, representatives and/or employees, operated, maintained and controlled the City of Newark Police Department, including but not limited to its policies, protocols, operating procedures, guidelines and the supervision of the Police Officers thereof.

5. Defendant, City of Newark Police Department, is and at all relevant times was a municipal department, division, or agency of the City of Newark, organized and existing under the laws of the State of New Jersey.

6. The individual Defendants, including but not limited to Officer Jason West and Officer Neil Laurig, whose places of residences are presently unknown to Plaintiffs, were at all times relevant herein, duly appointed and acting members of the City of Newark Police Department, and at all times relevant herein acting in such capacity as agents, servants, representatives and/or employees of the City of Newark, whose work place at all times relevant herein was within the City of Newark, County of Essex, State of New Jersey.

7. The individual Defendants, City of Newark Police Officers Brian Lovejoy, Elvis Lugardo, Whyhidi Wilson and Lieutenant Neil Minovich, are Police Officers of the City of Newark Police Department identified on New Jersey State Police Crash Investigation Report, Case Number 08-12713 as "Officers of Unit #150, 155, 157, Driving in Motor Patrol Veh. #520" (A copy of New Jersey Police Crash Investigation Report is attached hereto), who through acts of commission or omission, either caused, participated in, assisted, abetted, encouraged, failed to

intervene, failed to prevent, condoned, supervised, failed to report, covered-up, or otherwise share responsibility for the deprivation of Plaintiffs' civil rights under color of state law as otherwise stated herein.

## JURISDICTION AND VENUE

8. Jurisdiction is proper pursuant to a federal question presented under 42 U.S.C. §1983. The jurisdiction of this Court is further predicated upon 28 U.S.C. §§1331, 1343 and 1367, to redress the unlawful deprivation of Plaintiffs' rights secured, guaranteed and protected by federal law.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the cause of action occurred in this District.

## STATEMENT OF FACTS

10. On or about February 9, 2008 at approximately 5:00 pm, Plaintiff Kevin Hill was lawfully operating his motor vehicle (the "Vehicle") at or around the corners of Ridgewood Avenue and Avon Avenue in the City of Newark, County of Essex, State of New Jersey.

11. On the same date and time, his sister, Plaintiff, Syntyche Hill, a minor, occupied the Vehicle as a passenger, operated by her brother Plaintiff, Kevin Hill.

12. After bringing his vehicle to a complete stop at the northbound stop sign at the intersection of Ridgewood Avenue and Avon Avenue in Newark, Plaintiff, Kevin Hill, drove into the intersection.

13. At the very moment when Plaintiff, Kevin Hill's, vehicle entered into the intersection, an 'unmarked' white Sports Utility Vehicle, ("SUV") raced past the left side of his Vehicle, cut off the Vehicle, and came to a 'screeching' halt in front of Plaintiff's Vehicle so that Mr. Hill's Vehicle could not advance in a forward direction.

14. Approximately five (5) male individuals wearing street clothes (four (4) African-Americans and one (1) Hispanic) jumped from the SUV with their guns 'drawn,' repeatedly screaming at Plaintiffs to "cut the fucking car off." (Remaining in the SUV was a white male in a suit.)

15. None of the individuals who jumped from the SUV with their guns drawn displayed any identification badge or other markings identifying themselves as Police Officers. Nor did these individuals show their police identification or otherwise identify themselves as police officers.

16. To the contrary, the five individuals were dressed in street clothes and wore "skull caps" and/or ski masks 'rolled up' on their heads.

17. Based upon the aggressive and threatening actions of these unidentified individuals, Kevin and Syntyche Hill believed these individuals were members of a street gang and intended to kill them.

18. Plaintiff, Syntyche Hill, was so terrified she jumped from the passenger seat into her brother's lap screaming "they are going to kill us."

19. Plaintiff, Kevin Hill, started pleading to the individuals who were pointing their guns at him and his sister, insisting "wrong person, wrong person, not me, not me."

20. Believing he and his sister were about to die, Plaintiff, Kevin Hill, instinctively shifted the vehicle's automatic gear from "drive" to "reverse" and stepped on the accelerator in an attempt to get himself and his sister Syntyche to safety. Unbeknownst to Kevin Hill during this terrifying commotion, a police car had pulled up directly behind his vehicle, barricading his vehicle in between the SUV and the police cruiser.

21. As the Hill Vehicle "backed up" it immediately collided with the police vehicle

behind Mr. Hill's car. At no time prior to this impact did Plaintiffs see this or any other police vehicle; nor did the Plaintiffs see overhead lights activated on a police vehicle or hear police sirens indicating a police vehicle was parked immediately behind him.

22. When Plaintiffs' Vehicle collided with the car located behind them, Plaintiffs thought this was a trap and they were going to be executed by the men in the skull caps.

23. The five individuals charged the car, screaming and pointing their guns at the Plaintiffs. They pulled both Kevin Hill and his little sister Syntyche out of the Vehicle and slammed them against the side of Hill's Vehicle. Even while pointing their guns at the Hills, these individuals still did not identify themselves as Police Officers.

24. Two of these individuals each pointed their gun muzzles against the back and side of Plaintiff, Kevin Hill's head. Kevin was then handcuffed and "patted" down. His sister Syntyche Hill was then handcuffed and "patted" down by one of the male officers.

25. It was only at this point in time that Plaintiff, Kevin Hill, realized these individuals were Police Officers.

26. The Officers searched Kevin and Synytyche Hill's pockets and the entire Vehicle, including the trunk.

27. Plaintiff, Syntyche Hill, continued to cry and her brother Kevin attempted to console her saying, "everything will be alright." At that point, the white Officer who appeared to be a Lieutenant and the individual in charge at the scene exited the SUV, approached the Plaintiffs and said to Kevin Hill "Shut the fuck up!"

28. The unidentified white Officer asked Plaintiff Kevin Hill why he drove the car in reverse. Kevin started to reply but the white Officer immediately cut him off and said "Yeah right, you thought a white man was going to kill you." Kevin Hill then responded "It didn't

matter what race or color you were, it was the manner in which they jumped out of the SUV that made me believe that our lives were in danger."

29. Plaintiff, Syntyche Hill, then recognized one of the Police Officers as an Officer who also works as a security guard at the Newark Pathmark grocery store where she and her mother work.

30. Syntyche Hill attempted to identify herself to this Police Officer by telling him that he works with her and her mother at the local Pathmark. The Officer recognized her and stated, "Oh my God."

31. Kevin Hill again tried to calm his sister down because she was still crying. He stated "it will be alright, stop crying." The white Officer again stated "Shut the fuck up" and threw Plaintiff, Kevin Hill, in the back seat of the 'marked' Police Car.

32. The white Officer reached in Kevin Hill's back pocket to retrieve his wallet and driver's license.

33. The Officer who recognized Plaintiff Syntyche Hill uncuffed her hands and confined her to Plaintiffs' vehicle.

34. The Newark Police continued to confine and restrain Kevin Hill in handcuffs in the sealed cage at the rear of the police cruiser. Mr. Hill was restrained in this manner for an additional thirty (30) minutes.

35. While Plaintiff, Kevin Hill, was still handcuffed, another Police Car arrived and the arriving uniformed police officers performed an investigation on the scene.

36. After approximately forty-five (45) minutes, Plaintiff, Kevin Hill, was uncuffed. Before Kevin and his sister, Syntyche, were allowed to leave the scene, the Police Officers issued Plaintiff, Kevin Hill, three (3) summonses: Careless Driving, Failure to Stop at a Stop

Sign and having Tinted Windows on his vehicle.

37. All three summonses against Kevin Hill were subsequently dismissed in the Newark Municipal Court.

38. After the incident, but on the same day, Plaintiffs and their mother, Stephanie Hill of Newark, New Jersey, went to the Newark Police Department to file a formal complaint against the Police Officers involved for the stop of their vehicle.

39. The Police Officer Plaintiffs spoke to advised them that somebody from the Police Department would be in contact with them. To date, no one from the Newark Police Department has spoken to the Hills regarding this incident.

### Second February 2008 Incident

40. Approximately two (2) weeks after the February 9, 2008 incident, Plaintiff, Kevin Hill, drove his girlfriend home from her job at Newark International Airport in Newark, New Jersey at 1:00 am in the morning.

41. Three blocks away from his girlfriend's apartment, Plaintiff observed a Police Car following him. The police vehicle followed Plaintiff's vehicle to his girlfriend's apartment and stopped as Plaintiff parked his car, exited the vehicle and walked up the steps to her apartment.

42. As Plaintiff and his girlfriend unlocked the door and began to enter the apartment, an unidentified Police Officer in this Police car called to Plaintiff. Plaintiff was afraid to respond but turned to the Officer.

43. The Officer stated "you don't want to answer then fuck it, I'll just tow your car." Plaintiff then walked towards the Officer and asked him whether there was a problem. The Officer demanded to see Plaintiff's license and registration. Plaintiff again requested to know the problem, if there was any.

44. The Officer responded "Either you show me your license or not." When Plaintiff stated words to the effect, "if there is no reason you can provide to me then I must refuse," the Officer grabbed his arm and stated "You were driving this car."

45. Plaintiff stated "I was entering my house when you called me over."

46. In response to this comment, the Police Officer grabbed both of Plaintiff's arms and handcuffed him. The Officer then searched Plaintiff's pockets for contraband and asked him whether he wanted to go to jail.

47. The Officer shoved Plaintiff into the back of his Patrol Car for what the Officer stated was "erratic behavior."

48. Fearing for his safety and believing this to be retaliation for filing an Internal Affairs complaint against the Police arising out of the February 9, 2008 incident, Plaintiff told his girlfriend to call his parents and let them know he was being taken into the local police precinct.

49. Before the Officer drove from the scene to transport Mr. Hill to the local Police Precinct, Kevin Hill's father arrived and talked to the Officer. Plaintiff was subsequently released while still at the scene.

50. The aforementioned arrests were without probable cause and were acts of malice in reckless disregard and willful indifference to the civil rights of Plaintiff, Kevin Hill.

51. The aforementioned arrests inflicted upon Plaintiff was illegal, intentional, malicious, unjustified and excessive.

52. The Defendants perpetrated the aforementioned arrest upon Plaintiff while acting under color of law and under color of Defendant's authority as a Police Officer for the City of Newark Police Department, employed by the City of Newark and City of Newark Police

Department, and acting within the scope of his employment and pursuant to the authority vested in him by the City of Newark and the City of Newark Police Department.

53. As a direct and proximate result of the intentional and malicious acts in violation of Plaintiffs' rights described aforesaid, Defendant caused Plaintiffs to sustain severe and painful injuries and to suffer serious mental anguish, all of which continue to the present.

54. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiffs have suffered injuries and damages including, but not limited to, the following:

    a) Violation of the Fourth and Fourteenth Amendments to the United States Constitution;

    b) Violation of their rights secured by Article I, Section 7 of the State of New Jersey Constitution;

    c) Violation of their rights secured by Article I, Section 5 of the State of New Jersey Constitution;

    d) Denial of Equal Protection of the law;

    e) Unlawful seizure and deprivation of Plaintiffs liberty;

    f) Plaintiffs were subjected to excessive and unnecessary force maliciously and deliberately imposed upon them by Defendants;

    g) Plaintiffs have and will continue to suffer emotional trauma as a result of the aforementioned actions of Defendants and have suffered permanent mental and emotional suffering;

    h) Plaintiffs have and will continue to suffer physical manifestations of pain and suffering as a result of Defendants' actions; and

    i) Plaintiffs were falsely arrested and maliciously prosecuted.

55. The actions of Defendants violated clearly established federal constitutional rights of Plaintiffs, including, but not limited to:

    a) Freedom from unreasonable search and seizure of their persons;

      b)   Freedom from a deprivation of their liberty without due process;

      c)   Freedom from the use of excessive and unreasonable force; and

      d)   Equal Protection of the law.

56.    Defendants, individually and in concert with each other, acted with malice and/or with reckless disregard or willful indifference to the violation of Plaintiffs' rights by Defendants' actions which they knew, or through the exercise of reasonable inquiry should have known, were unlawful and in violation of Plaintiffs' Federal and State rights, privileges, guaranties and protection.

57.    By their actions as set forth above, Defendants interfered with Plaintiffs' exercise and enjoyment of rights secured by the United States Constitution and state law.

## FIRST COUNT

58.    Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 57 of the Complaint as if set forth at length herein.

59.    Plaintiffs' rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §1983, in that Plaintiffs were subjected to excessive and unreasonable force by Defendants and unlawful search, seizure and arrest.

60.    The aforescribed actions by Defendants were without legal justification, excuse or necessity.

61.    As a direct result of Defendants' actions, Plaintiffs were deprived of rights, privileges and guarantees, expressly provided, under the Fourth Amendment of the United States Constitution and federal law.

62.    The individually named Defendants Officer Jason West, Officer Neil Laurig, City

of Newark Police Officers (1-10), and John and Jane Does (1-10) respectively, who supervised or participated in the alleged conduct, or who were present and failed to prevent the conduct are responsible for Plaintiffs' damages.

63. As a direct result of Defendants wrongful acts and omissions, Plaintiffs were physically, emotionally and financially harmed, and Plaintiffs suffered and continues to suffer other damages.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

## SECOND COUNT

64. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 63 of the Complaint as if set forth at length herein.

65. Plaintiff Kevin Hill was handcuffed and placed in the rear of Defendant's squad car for a period of time.

66. During time of said arrest, Plaintiff was deprived of his procedural and substantive due process rights guaranteed him under the Fifth Amendment.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

## **THIRD COUNT**

67.   Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 66 of the Complaint as if set forth at length herein.

68.   Plaintiffs are subject to the Constitution of the State of New Jersey.

69.   Based on the foregoing actions committed by Defendants, Plaintiffs rights under the Constitution of the State of New Jersey were violated.

70.   Based on the foregoing actions committed by Defendnats, Plaintiffs rights pursuant to Article I, Section 5 were violated.

71.   Based on the foregoing actions committed by Defendants, Plaintiffs rights pursuant to Article I, Section 7 were violated.

72.   The aforescribed actions by Defendants were without legal justification, excuse or necessity.

73.   As a direct result of Defendants' actions, Plaintiffs were deprived of rights, privileges and guarantees, expressly provided, pursuant to the Constitution of the State of New Jersey.

74.   As a direct result of Defendants wrongful acts and omissions, Plaintiffs were physically, emotionally and financially harmed, and Plaintiffs suffered and continue to suffer other damages.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the

Court may deem equitable and just.

## FOURTH COUNT

75. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 74 of the Complaint as if set forth at length herein.

76. Plaintiffs' rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New Jersey by Defendants, City of Newark and City of Newark Police Department.

77. At all times relevant herein, the individually named Defendant Police Officers were acting under the direction and control of the City of Newark and/or the City of Newark Police Department, and pursuant to the official policies, practices and/or customs of the City of Newark and the City of Newark Police Department.

78. Defendants, City of Newark and the City of Newark Police Department, acting under color of law, pursuant to official policies, practices and/or customs, either intentionally, knowingly, recklessly and/or with deliberate indifference and disregard, did authorize, cause, supervise condone, tolerate, permit or justify, as institutionalized practices, the above-stated misconduct by:

> a) failing to properly train, discipline and supervise on a continuing basis its employees, including the Defendant Police Officers;
>
> b) failing to discipline, retain and supervise those Police Officers who had been reported to act irresponsibly and/or have previously used excessive and unreasonable force in their dealings with citizens and the general public;
>
> c) failing to adopt reasonable and adequate policies, procedures, and practices for the prevention, reporting and investigation of matters involving the excessive use of force against citizens such as Plaintiffs in this case.

      d) failing to adopt reasonable and adequate policies, procedures and practices of appropriate corrective and disciplinary measures and to disclose cases in which citizens such as Plaintiffs were injured (mentally or physically) due to unnecessary, unreasonable and excessive use of force by its Police Officers; and

      e) failing to take adequate precautions in the hiring, promotion and retention of Police Officers, including but not limited to the individually named Defendant Police Officers; and

      f) failing to establish or ensure the functioning of a bona fide and meaningful departmental system for addressing complaints of police misconduct, or to take other steps to discourage or prevent violations of federal civil rights such as the excessive force used against Plaintiffs in this case; and

      g) failure to properly train, discipline and supervise its Police Officers with respect to the Attorney General's Guidelines for Police Officers on "Vehicle Pursuit."

79. Defendants, City of Newark and City of Newark Police Department, by and through their supervisors and final decision makers, as a matter of policy and practice, thus acted with a callous, reckless and deliberate indifference to the Constitutional rights and federal civil rights of Plaintiffs and other private citizens.

80. At all times relevant hereto, the acts, omissions, system flaws, policies and customs of the Defendants, City of Newark and/or the City of Newark Police Department, caused Police Officers to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly and properly investigated, with the foreseeable result that Officers are more likely to use improper procedures including excessive or unreasonable force, and denial of rights against members of the public such as Plaintiffs and others in the future.

81. As a direct result of Defendants' wrongful acts and omissions, Plaintiffs were physically, emotionally and financially harmed, and Plaintiffs suffered and continue suffer other

harms.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

## FIFTH COUNT

82. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 81 of the Complaint as if set forth at length herein.

83. At all times relevant herein, the individually named Defendants Officer Jason West, Officer Niel Laurig, and unidentified City of Newark Police Officers performed their duties within the scope of their employment with Defendants City of Newark and City of Newark Police Department.

84. Defendants City of Newark and City of Newark Police Department are vicariously liable for the acts of the individually named Police Officers pursuant to N.J.S.A. 59:2-2

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just

## SIXTH COUNT

85. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 84 of the Complaint as if set forth at length herein.

86. On February 9, 2008, Plaintiffs were forcibly removed from Plaintiff Kevin Hill's Vehicle by the unidentified Police Officers.

87. Both Plaintiffs were arrested and handcuffed as common criminals by the unidentified Police Officers. In the process of arresting Plaintiffs, Defendants used excessive force by pointing guns at Plaintiff Kevin Hill's head and performing "pat down" body searches on both Kevin Hill and his sister, minor, Syntyche Hill.

88. Subsequently, approximately two (2) weeks later in February 2008, Plaintiff Kevin Hill was followed by an unidentified Police Officer of the City of Newark Police Department for approximately three blocks.

89. After getting out of his Vehicle and nearly reaching an apartment, the unidentified Police Officer asked Hill whether a particular vehicle was his.

90. The unidentified Police Officer then grabbed Plaintiff's arms, handcuffed him, and threw him into the back of the unidentified Police Officer's police cruiser.

91. Defendants were without probable cause to arrest Plaintiffs on February 9, 2008 and Plaintiff Kevin Hill two (2) weeks later in February 2008 as there was no reasonable belief to conclude that Plaintiffs had committed or were committing an offense at the time of arrest.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

## SEVENTH COUNT

92. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1

through 91 of the Complaint as if set forth at length herein.

93. On February 9, 2008, as a result of the Defendants' use of force and arrest, Plaintiff Kevin Hill was then confined against his will by Defendants for a period of time in sealed cage at the rear of the 'marked' police cruiser.

94. Approximately two (2) weeks after the February 9, 2008 incident, Plaintiff Kevin Hill was confronted by an unidentified Police Officer of the Defendant City of Newark Police Department.

95. After asking Plaintiff Kevin Hill whether a particular vehicle was his, the unidentified Police Officer grabbed Hill's arms and handcuffed him. Hill was held in the sealed cage in the rear of the unidentified Police Officer's vehicle for some time until he was released at the scene.

96. The February 9, 2008 and the subsequent incident that occurred approximately two (2) weeks later causing the detentions of Plaintiff Kevin Hill were without proper legal authority, legal justification, or probable cause.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

### EIGHTH COUNT

97. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 96 of the Complaint as if set forth at length herein.

98. On February 9, 2008, Defendants issued tickets to Plaintiff Kevin Hill for

-17-

Careless Driving, Failure to Stop at a Stop Sign and having Tinted Windows on his vehicle.

99. All of these summonses were subsequently dismissed in the Newark Municipal Court.

100. Said summonses were issued against Plaintiff by the Police Officers without basis or probable cause, and was done maliciously with the intent to harm the Plaintiffs.

101. Subsequent to the February 9, 2008 incident, Plaintiff was again threatened to be prosecuted without basis or probable cause by threatening to tow Plaintiff's car.

102. As a direct result of Defendants' malicious prosecution, Plaintiffs were physically, emotionally and financially harmed, and Plaintiffs suffered and continue suffer other harms.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

### NINTH COUNT

103. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 102 of the Complaint as if set forth at length herein.

104. Defendants' unreasonable acts and excessive use of force created an environment conducive to a policy of allowing these abuses to occur and recklessly failing to take actions to prevent same. These actions were and are extreme, wanton, intentional, unreasonable, excessive and outrageous and beyond any standards of civility and decency.

105. These actions by Defendants give rise to a claim for relief for Intentional

-18-

Infliction of Emotional Distress against Defendants.

106. As a direct result of Defendants wrongful acts and omissions, Plaintiffs were physically, emotionally and financially harmed, and Plaintiffs suffered and continue to suffer other harms.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages, jointly, severally and individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

## TENTH COUNT

107. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 106 of the Complaint as if set forth at length herein.

108. On February 9, 2008 Defendants forcibly removed Plaintiffs from Plaintiff Kevin Hill's vehicle, handcuffed both Plaintiffs and forced Plaintiff Kevin Hill into Defendants' marked police cruiser.

109. Approximately two (2) weeks later, an unidentified Police Officer, employed by Defendant, grabbed Plaintiff Kevin Hill and forced him into the back of the unidentified Police Officer's police cruiser.

110. The individual Defendants committed a battery against Plaintiffs.

111. As a direct and proximate result of the above-described illegal actions of the individually named Defendants and the unidentified Defendants, individually, including their excessive and unnecessary use of force, Plaintiffs sustained severe injury, causing Plaintiffs great pain of body and anguish of mind.

WHEREFORE, Plaintiffs, Kevin Hill and Syntyche Hill, demand judgment against Defendants for damages individually, of this Court, together with counsel fees, costs of suit, compensatory damages, punitive damages, emotional distress damages, damages for physical manifestations of pain and suffering and for other and further relief as the Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, Kevin Hill and Syntyche Hill, herein demand a trial by jury on all issues.

LAW OFFICE OF ROBERT A. TANDY, LLC
Attorney for Plaintiffs

BY: _____
ROBERT A. TANDY (RT 0387)

DATED: August 7, 2009

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated and no other parties need to be joined in the above action.

LAW OFFICE OF ROBERT A. TANDY, LLC
Attorney for Plaintiffs

BY: _____
ROBERT A. TANDY (RT 0387)

DATED: August 7, 2009